SIROTKIN VARACALLI & HAMRA, LLP
110 E 59th Street, Suite 3200
New York, New York 10022
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: DVaracalli@svhllp.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

SAM SIMON,

                     Plaintiff,

   v.

BIG GAY INC d/b/a BIG GAY ICE CREAM, JASON
O'MALLEY, THE GAP INC, CROWN PUBLISHING
GROUP d/b/a CLARKSON POTTER

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Case No. 1:16-cv-02876-WHP

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, SAM SIMON ("Plaintiff") by his undersigned attorneys, Sirotkin

Varacalli & Hamra, LLP, as his Complaint against defendants BIG GAY INC d/b/a BIG

GAY ICE CREAM, JASON O'MALLEY, THE GAP INC., and CROWN PUBLISHING

GROUP d/b/a CLARKSON POTTER (collectively, "Defendants"), alleges as follows:

### INTRODUCTION AND OVERVIEW

1.     This is an action for copyright infringement, violations of the Lanham Act,

deceptive business practices, unfair competition, and unjust enrichment arising from

Defendants' creation and use and publication of unauthorized derivative works of

Plaintiff's mural.

2.     Upon information and belief, Defendants intentionally, and without

authorization from Plaintiff, created a print version of Plaintiff's mural and used the image to promote and brand Defendant BGIC's Ice cream shops and sell related merchandise.

3.     By this action, Plaintiffs seek preliminary and permanent injunctive relief, compensatory damages in an amount to be determined at trial but believed to exceed $500,000, treble and statutory damages, and attorneys' fees under the Copyright Act, together with remedies for related common law claims for deceptive practices, unfair competition, and unjust enrichment.

## THE PARTIES

4.     Plaintiff is a natural person who resides and is domiciled in the City and State of New York. Plaintiff is a designer, illustrator, painter and interior muralist whose distinctive style has earned him substantial notoriety in the interior design industry.  Over Plaintiff's 19-year career as a painter his work has been featured in publications such as The Village Voice, New York Family, Traditional Home, In Style Home, Houzz.com, People, Project Nursery, Beverly Hills Courier, Here In This House, The Bellini Buzz, Mom Trends, Popsugar Moms, and The Local East Village.

5.     Upon information and belief, Defendant BIG GAY INC. (d/b/a BIG GAY ICE CREAM) ("BGIC") is a business corporation organized and existing under the laws of the state of New York and having its principal place of business at 125 East 7th Street, New York, New York.

6.     Upon information and belief, Defendant JASON O'MALLEY ("O'Malley") is a natural person who resides and is domiciled in Stone Ridge, New York. O'Malley is a professional illustrator and graphic designer.

7.     Upon information and belief, Defendant THE GAP INC. ("Gap") is a business corporation organized and existing under the laws of the state of Delaware and having its principal corporate office at 2 Folsom Street, San Francisco, CA 94105.

8.     Upon information and belief, Defendant CROWN PUBLISHING GROUP d/b/a CLARKSON POTTER, ("Crown") is a publishing company with is principal place of business in the county and state of New York.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiffs' claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., pursuant to 17 U.S.C. §501(a) as well as 28 U.S.C. § 1331 (original jurisdiction over federal questions) and 28 U.S.C. § 1338(a) (original jurisdiction over copyright claims).

10.     This Court has jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, and to 28 U.S.C. § 1367(a), because those claims that are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over Defendants because Defendants are either domiciled in the state of New York, in this judicial district, or because Defendants regularly transact and conduct business within this judicial district and otherwise have made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

12.     Venue is proper pursuant to 28 U.S.C. § 1391, because Plaintiff is

domiciled in this judicial district and Defendants have sufficient connections here to make venue proper.

## FACTS COMMON TO ALL CLAIMS

13.    In June 2011, by written agreement, BGIC commissioned Plaintiff to design and paint a mural of a unicorn on one of the walls in the BGIC store located at 125 East 7th Street, New York, New York (the "Mural").

14.    The Mural contains many distinctive elements that are representative of Plaintiff's signature style that he has used for many years.  These elements include (i) a feminine unicorn, (ii) a pink flowered necklace, (iii) a pendant featuring Bea Arthur, (iv) a luxurious curly blue and white mane and tail, (v) blue eyeshadow, (vi) curled and extended eyelashes, (vii) crisscrossed blue fabric pattern on the tail, (viii) black & white striped flared hooves, (iv) an ultra-feminine appearance. A Photo of the Infringing Image is included herewith as **Exhibit A**.

15.    Plaintiff holds a copyright interest in the Mural registered with the United States Copyright Office under the title and registration number, Sam Simon's Unicorn with Bea Arthur Cameo, VAu001222403.  Plaintiff did not, and has not, transferred his copyright interest in the Mural to Defendants.

16.    During and several times after the Mural's production, Plaintiff offered his services to BGIC in producing print-ready versions of the Mural to be used in BGIC's merchandising and branding efforts but his offer was ignored.

17.    On information and belief, BGIC commissioned Defendant O'Malley to copy the Mural's design to be used as BGIC's logo, as a branding device, and to be featured on BGIC's merchandise.

18.     On information and belief, at BGIC's direction, O'Malley produced an image of a unicorn that bears a striking resemblance to the Mural, which appropriated all of the unique design features of the Mural, which are listed above. (the "Infringing Image").  A copy of the Infringing Image is included herewith as **Exhibit B**.

### *The Infringing BGIC Materials*

19.     On information and belief, BGIC has and is displaying the Infringing Image as its logo.

20.     On information and belief, BGIC and O'Malley publically and falsely claim that the Infringing Image is O'Malley's own exclusive work of authorship.

21.     On information and belief, BGIC and O'Malley have and are displaying branding and advertising material containing the Infringing Image, including (i) advertisements in print and online media, (ii) posts on social media, (iii) window and wall coverings at BGIC's several locations, and (v) detailing on BGIC's vehicles.

22.     On information and belief, BGIC and O'Malley have and are selling merchandise that contain the Infringing Image, including (i) gift cards, (ii) posters, (iv) T-shirts, (v) stickers, (vi) books.  (Together with the logo, branding and advertising materials referenced above, these infringing items are hereinafter referred to as the "BGIC Materials")

### *The Infringing Gap Materials*

23.     On information and belief, BGIC and Gap published advertisements, manufactured and sold clothing containing the Infringing Image through Gap's retail stores (the "Gap Materials")

24.     On information and belief BGIC and Gap continue to published

advertisements, manufacture and sell clothing containing the Infringing Image.

*The Infringing BGIC Book*

25.     On information and belief, BGIC and Crown published a book entitled <u>Big
Gay Ice Cream: Saucy Stories & Frozen Treats: Going All the Way with Ice Cream</u>
containing the Infringing Image through Crown's publishing imprint Clarkson Potter (the
"BGIC Book" and together with the BGIC Materials, and Gap Materials, the "Infringing
Materials").

26.     On information and belief BGIC and Crown continue to produce and sell
the BGIC Book.

27.     Plaintiff has never authorized Defendants to use any portion of the Mural,
or any of his copyrights therein, in connection with the Infringing Materials.

**COUNT 1**
**(Federal Copyright Infringement, 17 U.S.C. § 501(a))**

28.     Plaintiffs repeat and re-allege paragraphs 1 through 27 of this Complaint
as if fully set forth herein.

29.     Plaintiff is the exclusive owner of copyrights in and related to the Mural
and possesses copyright registrations with the United States Copyright Office relating to
the Mural.

30.     On information and belief, Defendants have actual notice of Plaintiff's
exclusive copyrights in the Mural.

31.     Defendants did not seek and failed to obtain Plaintiff's consent or
authorization to prepare, utilize, manufacture, reproduce, copy, display, distribute, sell,
transfer, rent, perform, and/or market derivative works of the Mural.

32.     Without permission, Defendants intentionally and knowingly copied or

prepared derivative works of Plaintiff's protected Mural, used, displayed, offered, advertised, and promoted those unauthorized derivative works for Defendants' commercial advantage.

33.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyright in the Mural, including Plaintiff's exclusive rights to prepare derivative works of, reproduce, distribute and/or sell such protected material.

34.     By the actions alleged in this Complaint, Defendants have infringed and, unless enjoined by this Court, will continue to infringe Plaintiff's copyrights in and relating to the Mural.

35.     Plaintiff is entitled to receive all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C. §§502-503.

36.     Plaintiff is further entitled to recover from the Defendants the damages, including attorneys' fees, she has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts of infringement alleged in this Complaint, including but not limited to such damages and awards as are available under 17. U.S.C. §§504-505.

**COUNT II**
**(Common Law Copyright Infringement)**

37.     Plaintiffs repeat and re-allege paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Plaintiff is the owner of the common law copyright in the Mural.

39.     Defendants have prepared derivative works of Plaintiff's Mural without Plaintiffs' permission and used those misappropriated images for Defendants' commercial benefit.

40.     As a direct result of Defendants' actions Plaintiff has sustained, and is likely to continue to sustain, damages.

41.     Accordingly, Plaintiffs are entitled to enjoin Defendants' unlawful conduct, to compensatory damages in an amount to be determined at trial, and to their reasonable attorneys' fees in this action.

## COUNT III
### (Violations of the Lanham Act)

42.     Plaintiffs repeat and re-allege paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     By the actions alleged in this Complaint, Defendants BGIC and O'Malley have engaged in false designation of origin and false and misleading description of fact regarding the creation and ownership of the Infringing Image.

44.     As a result of Defendants' BGIC and O'Malley's false designation of origin, and/or false and misleading descriptions, the public has been led to believe that O'Malley is sole and exclusive creator and owner of the Infringing Image.

45.     As a result of Defendants' BGIC and O'Malley's false designation of origin, and/or false and misleading descriptions, the public has been led to believe that O'Malley is sole and exclusive creator of the Mural.

46.     By Defendants' actions, the public has been lead to believe that Plaintiff endorses, affiliates with, or approves of the use of the Mural in the creation and use of the Infringing Image and Infringing Materials.

47.     Consumers are further mistakenly led to believe that Plaintiff has authorized the use of his Mural in the advertising and promotion of the Infringing Materials when no such authorization has been obtained.

48.     By virtue of the conduct described herein, Plaintiff's reputation, good will and growth of his business have been harmed.

49.     Defendants' acts, as described above, have caused or are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of the Mural, the Infringing Image and the Infringing Materials among the trade or the public and therefore constitute unfair competition in violation of 15 U.S.C. §1125(a).

50.     Plaintiff has suffered and, unless Defendants are enjoined by this Court, will continue to suffer damages as a result of Defendants' false and/or misleading statements and related tortious conduct. Plaintiff has no adequate remedy at law.

51.     Pursuant to 15 U.S.C. §1117, when a violation of 15 U.S.C. § 1125(a) shall have been established in any civil action, the plaintiff in such action shall, subject to the principles of equity and the statutory limitations set forth therein, be entitled, inter alia, to recover Defendants' profits, any damages sustained by the Plaintiff, and the costs of the action, and in exceptional cases the court may award reasonable attorney's fees to the prevailing party.

52.     Plaintiff is entitled to recover from Defendant profits, damages, costs, and attorney's fees pursuant to 15 U.S.C. §1117, and is further entitled to the destruction of infringing articles as provided by 15 U.S.C. §1118.

53.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an equitable remedy of an accounting, and a disgorgement of, all such wrongfully derived revenues and/or profits.

**COUNT IV**
**(Deceptive Practice Under New York's General Business Law)**

54.     Plaintiffs repeat and re-allege paragraphs 1 through 53 of this Complaint

as if fully set forth herein.

55.     The acts of Defendants as alleged herein have deceived or misled, or have a tendency to deceive or mislead the public.

56.     The acts of Defendants as alleged herein have caused harm to the public.

57.     Defendants' false and misleading representations of fact and conduct have influenced the purchasing decisions of the public.

58.     By reasons of Defendants' knowingly false and misleading representations of fact and conduct, Defendants have violated New York General Business Law §349.

59.     By reason of Defendants' acts herein alleged, Plaintiff, as well as the public, has been injured.

60.     Plaintiff has suffered and will continue to suffer substantial irreparable harm unless Defendants are restrained from its wrongful conduct.

61.     Plaintiff has no adequate remedy at law.

62.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages, costs, disbursements, and attorney's fees.

## COUNT V
### (Common Law Unfair Competition)

63.     Plaintiffs repeat and re-allege paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.     As described above, Defendants have engaged in false and misleading representations and omissions and engaged in deceptive conduct.

65.     Defendants' conduct deceived or is likely to deceive the purchasers and potential purchasers of illustration, graphic design, and painting services.

66.     Defendants' false and misleading representations and deceptive conduct are material in that the same were and are likely to affect purchasers and potential purchasers of illustration, graphic design, and painting services.

67.     Defendants have engaged in unfair competition under the common law of the State of New York.

68.     As a direct result of said deceptive conduct, Plaintiff has sustained and is likely to continue to sustain damages.

69.     Plaintiff has no adequate remedy at law.

70.     Plaintiff is entitled to exemplary and punitive damages by reason of Defendants' willful, reckless, deliberate and intentional conduct.

## COUNT VI
### (Unjust Enrichment)

71.     Plaintiffs repeat and re-allege paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.     As a consequence of Defendants' actions, Plaintiff has been denied any financial compensation and credit in connection with the Infringing Image and Infringing Materials

73.     Defendants have been enriched by the use of the Mural in connection with the Infringing Image and Infringing Materials at Plaintiff's expense. The circumstances are such that equity and good conscience require the defendants to make restitution in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  that Defendants, their officers, agents, servants, employees, and attorneys, and

those persons in active concert or participation with Defendants who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined from: (i) copying the Mural; (ii) publishing, on any website or otherwise, the Infringing Image; and (iii) representing that Defendants BGIC and O'Malley are the owners or creators of the Infringing Image;

2. awarding Plaintiffs their actual damages sustained as a result of Defendants' wrongful actions, in an amount to be determined at trial but believed to be in excess of $500,000, and treble and statutory damages;

3. awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

4. awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses;

5. awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement, as the Court finds appropriate;

6. directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, or promoted by or on behalf of Defendants are authorized by Plaintiffs or related in any way to Plaintiffs' products or services;

7. directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above;

8. For an accounting of, and the imposition of a constructive trust with respect to,

Defendants' profits attributable to the infringements of Plaintiff's mural; and

9.  awarding Plaintiffs such other and further relief as the Court may deem just and

    proper.


**PLAINTIFF hereby demands a trial by jury**



Dated: March 20, 2016
New York, NY

/s/ Douglas Varacalli
Douglas Varacalli (DV 3756)
Sirotkin Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
110 E 59th Street, Suite 3200
New York, New York 10022
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: DVaracalli@svhllp.com